IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff,<br><br>v.<br><br>**CHARBEL VAZQUEZ RIJOS, ET AL.,**<br><br>Defendants. | Crim. No. 08-216(DRD) |

**OPINION AND ORDER**

## I.   INTRODUCTION

On September 30, 2014, Defendant Charbel Vazquez Rijos (hereinafter "Defendant" or "Charbel") filed a *Motion for Severance* (Docket No. 241) seeking to sever his trial from that of Aurea Vázquez, Jose Ferrer-Sosa, and Marcia Vazquez-Rijos. Defendant's grounds for seeking severance are twofold. First, Charbel avers that he was improperly joined with the rest of the defendants under Fed.R.Crim.P. 8(b), as the single charge against him is unrelated to the murder-for-hire conspiracy charged against the other defendants. Second, Charbel asserts that the evidentiary "spillover" resulting from a joint trial mandates severance under Fed.R.Crim.P. 14, as the jury would be "incapable of separating the evidence as relevant to each co-defendant, becoming confused about which evidence relates to which crime and co-defendant." Docket No. 241, at 4.

1

On October 14, 2014, the United States filed its *Response in Opposition to Defendant's Motion to Sever* (Docket No. 246) arguing that the facts giving rise to the murder for hire conspiracy charges and Charbel's perjury charge stem from the same series of acts and transactions. Thus, bifurcating the evidence by engaging in two separate trials would run contrary to the primary goal of Rule 14, which is to promote efficiency and "serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts." *Id.* at 4 (citing *Zafiro v. United States*, 506 U.S. 534, 537 (1993)). Further, the United States contends that "finger-pointing" amongst all defendants is extremely unlikely, as all will likely argue that they never met with Alex Pabón Colón to plot the murder of Adam Anhang.

On November 10, 2014, Defendant filed a *Reply* (Docket No. 253-1) arguing that Alex Pabón's proffered testimony cannot be taken under consideration in decided whether joinder was proper under Rule 8, as the allegations in the indictment govern the analysis.

On December 17, 2014, the United States filed a *Sur-Reply* (Docket No. 273) accentuating that joinder of all defendants was proper, as there is a clear overlapping of issues. The government stresses that "[t]he defendant was present at the time that the meetings took place and he perjured himself when he was questioned during his testimony before the federal grand

2

jury."  Id. at 2.  Further, the United States emphasizes that the perjury charge was included in the Second Superseding Indictment and that one of the government's witnesses will testify that the Defendant was present during the meetings held to plot the murder of Adam Anhang.

## II.  ANALYSIS

"The general rule is that those indicted together are tried together to prevent inconsistent verdicts and to conserve judicial and prosecutorial resources."  *United States v. Soto-Beníquez*, 356 F.3d 1, 29 (1st Cir. 2004); *see United States v. Maryea*, 704 F.3d 55, 64 (1st Cir. 2013)(emphasizing the utility of joint trials in cases were the defendants are charged with a single conspiracy "so that the government could be expected to recite a single factual history, put on a single array of evidence, and call a single group of witnesses.")(internal citations and quotations omitted).  However, "[i]f the joinder of offenses or defendants in an indictment . . . or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires."  Fed. R. Crim. P. 14(a) ("Rule 14").  Nevertheless, Rule 14 does not mandate severance even if prejudice is shown by the defendant, but rather "leaves the tailoring of the relief to

be granted, if any, to the district court's discretion."  See *Zafiro v. United States*, 506 U.S. 534, 538-39 (1993).

In *Zafiro*, the U.S. Supreme Court explained that district courts should only grant a severance request if "there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence."  *Zafiro*, 506 U.S. at 539.  The Court also noted that mutually antagonistic defenses for severance purposes are not prejudicial *per se*, and concluded that any prejudice that may ensue could be cured with proper jury instructions, as "juries are presumed to follow their instructions."  *Id.* at 539-541 (quoting *Richardson v. March*, 481 U.S. 200, 211 (1993)).  In so noting, the Court emphasized that members of the jury are instructed that the burden of proving beyond a reasonable doubt the guilt of a specific defendant falls squarely on the government.

The First Circuit Court of Appeals has repeatedly asserted post-*Zafiro* that "antagonistic defenses only require severance if the tensions between the defenses are so great that the finder of fact would have to believe one defendant at the expense of the other."  *United States v. Rose*, 104 F.3d 1408, 1415 (1st Cir. 1997)(citing *United States v. Smith*, 46 F.3d 1223, 1230 (1st Cir. 1995), cert. denied, 116 S. Ct. 176, 133 L.Ed.2d 116 (1995)); *United States v. Floyd*, 740 F.3d 22, 37

4

(1st Cir. 2014). Thus, sharply antagonistic defense theories, as is the case of mere tattling or finger pointing between the defendants, do not necessarily require severance. *See Smith*, 46 F.3d at 1230; *United States v. Tiem Trinh*, 665 F.3d 1, 19 (1st Cir. 2011)("Mere fingerpointing among codefendants-i.e., the familiar 'he did it, not I' defense-normally is not a sufficient ground for severance.")(internal citations omitted). Further, defendants are not entitled to severance simply because they may have a better chance of being acquitted if tried separately. *See Zafiro*, 506 U.S. at 540.

Further, any prejudice resulting from the spillover of evidence that might not have been admissible against the defendant seeking severance in a separate trial may be easily cured through limiting jury instructions. *See Floyd*, 740 F.3d at 37 ("Where, as here, there were appropriate limiting instructions as to the admissibility of evidence against particular defendants and as to the need to determine guilt on an individual basis, no more is exigible.")(internal citations and quotations omitted); *see also United States v. DeLuca*, 137 F.3d 24, 36-37 (1st Cir. 1998)(emphasizing that the district court took protective measures "against prejudicial spillover by **repeatedly** instructing the jury that it must consider the evidence against each individual defendant in relation to each

count.")**(emphasis ours)**(citing *United States v. Natanel*, 938 F.2d 302, 308 (1st Cir. 1991)).

"In deciding on a motion for severance, the district court has a duty to weigh the prejudice resulting from a joint trial of codefendants against the expense and inconvenience of separate trials." *United States v. Small*, 423 F.3d 1164, 1181 (10th Cir. 2005), cert. denied., 546 U.S. 1190 (internal quotations and citations omitted); *see United States v. Blankenship*, 382 F.3d 1110, 1120 (11th Cir. 2004)(same); *United States v. Solis*, 299 F.3d 420, 441-42 (5th Cir. 2002)(same). After balancing the prejudice resulting from a joint trial against the expense and inconvenience of separate trials, the Court concludes that severance is unwarranted, as any prejudice that may ensue as a result of a joint trial can be easily mitigated with **"repeated"** limiting jury instructions. We briefly explain.

At the outset, the Court accentuates that Charbel's antagonistic defense argument is unavailing, as no logical situation can arise in which the jury would be compelled to believe one defendant at the expense of another. In fact, the Court anticipates that all codefendants will deny ever meeting Pabón Colón to plot the murder of Adam Anhang. Thus, the defenses of all of the codefendants seem to share a common objective.

6

Defendant's spillover argument fares no better, as the criminal charge against Charbel stems from the same series of transactions as do the charges against the other codefendants. The Second Superseding Indictment accuses the Defendant of committing perjury before the Grand Jury when he denied ever meeting Alex Pabón Colón, Adam Anhang's admitted killer. According to the government, Charbel and the other codefendants partook in several meetings with Alex Pabón Colón to plot Adam Anhang's murder. These meetings are therefore part of the common acts or transactions prescribed until Fed. R. Crim. P. 8(b) for proper joinder. *See United States v. Curry*, 977 F.2d 1042, 1050 (7th Cir. 1992)(finding that "several courts have specifically held that perjury counts may be considered part of the same series of acts or transactions as the underlying conduct which was misrepresented")(citing *United States v. Isaacs*, 493 F.2d 1124, 1159 (7th Cir. 1974); *United States v. Swift*, 809 F.2d 320, 322 (6th Cir. 1987); *United States v. Moeckly*, 769 F.2d 453, 465 (8th Cir. 1985), cert. denied, 475 U.S. 1015, 106 S.Ct. 1196, 89 L.Ed.2d 311; *United States v. Dekle*, 768 F.2d 1257, 1261–1262 (11th Cir. 1985)).

Nevertheless, any potential prejudice that may ensue as a result of evidentiary spillover can be easily cured using special jury instructions, as "juries are presumed to follow their instructions." *Zafiro*, 506 U.S. at 540-41; s*ee Floyd*, 740

7

F.3d at 37; *United States v. Ramirez*, 426 F.3d 1344, 1352 (11th Cir. 2005)(holding that the district court properly denied a motion to sever where the defendant failed to demonstrate that the limiting instructions given to the jury were ineffective); *United States v. Voigt*, 89 F.3d 1050 (3rd Cir. 1996)(jury instructions explaining that the jury must consider each defendant's participation in the counts charged individually, that the burden of proof was always on the prosecution, and that opening and closing statements were not evidence were sufficient to cure any prejudice arising from antagonistic defenses), cert. denied, 519 U.S. 1047.

As the Supreme Court meritoriously explained in *Zafiro*, the burden of proving a defendant's guilt or innocence is on the government; thus, a jury instruction explaining to the jury that it must "give separate consideration to each individual defendant and to each separate charge against him" will suffice to cure any possibility of prejudice. *Id.* In other words, the government must prove its case against each defendant, and the jury may not convict a defendant on the basis of evidence presented solely against another codefendant.

Accordingly, Defendant's *Motion for Severance* (Docket No. 241) is hereby **DENIED**.

### III. CONCLUSION

For the reasons elucidated in the instant *Opinion and Order*, the Court hereby **DENIES** Defendant's *Motion for Severance* (Docket No. 241).

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 14th day of January, 2015.

s/ Daniel R. Dominguez

DANIEL R. DOMINGUEZ
U.S. DISTRICT JUDGE